**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO.  5:14-CV-193-RLV-DCK**

| | | |
|---|---|---|
| **LANDSTAR RANGER, INC., and** | ) | |
| **LANDSTAR CARRIER SERVICES, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| | ) | |
| **GLOBAL EXPERIENCE SPECIALISTS,** | ) | |
| **INC., d/b/a GES Logistics,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Notice Of Motion And Motion To Change Venue" (Document No. 10).  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is now ripe for disposition.  Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the pending motion.

## BACKGROUND

Plaintiffs Landstar Carrier Services, Inc. and Landstar Ranger, Inc. (collectively, "Landstar" or "Plaintiffs") initiated this action with the filing of a "Complaint" (Document No. 1) on November 26, 2014.  Plaintiffs are corporations organized and existing under the laws of the State of Delaware, with principal places of business in Florida.  (Document No. 1, p.1).  The Complaint asserts claims against Global Experience Specialists, Inc. ("Defendant" or "GES"), a corporation organized and existing in Nevada, for:  (1) Carmack Amendment Indemnity;  and (2) Equitable Indemnity.  (Document No. 1, pp.4-5).

The crux of the Complaint involves the following allegations:

On or about September 19, 2010, Saacke North America, LLC ("Saacke") tendered seven pieces of freight (the "Freight") to GES for shipment from Chicago, Illinois to Mooresville, North Carolina or, alternatively, for GES to transport the Freight from the floor of a tradeshow to a storage and loading area until such time as GES tendered the freight to Landstar and loaded the freight on Landstar's trailer for transport to North Carolina.

GES, through its servants, employees, agents, or contractors, took physical possession of the Freight, transported the Freight, stored the Freight, loaded the Freight on Landstar's trailer, and tendered the Freight to Landstar for transport to North Carolina.

When GES tendered the Freight to Landstar and loaded the Freight on Landstar's trailer, the Freight consisted of only six pieces instead of the seven pieces tendered by Saacke to GES. One piece of the Freight was lost or stolen while in GES' custody or otherwise not tendered by GES to Landstar for transport to North Carolina. Landstar's driver accepted six pieces of freight from GES and transported them without incident to Saacke in North Carolina.

Saacke subsequently filed suit against Landstar pursuant to 49 U.S.C. § 14706 (the Carmack Amendment), as the delivering carrier, for the missing piece of freight. Saacke and Landstar reached a settlement agreement pursuant to which Landstar paid Saacke $120,000 for the missing piece of freight. In defending Saacke's suit against it, Landstar incurred attorney's fees and costs.

(Document No. 1, pp.3-4).

The undersigned observes that the lawsuit filed by Saacke against Landstar was litigated in this Court. See Saacke North America, LLC v. Landstar Carrier Services, Inc., 5:11-CV-107-RLV-DCK, 2013 WL 7121197 (W.D.N.C. Dec. 19, 2013) (granting summary judgment for Saacke, and noting that "to the extent Landstar contends that GES was actually responsible for the loss, Landstar's remedy is to seek indemnification from GES"). Landstar now seeks judgment against GES for $120,000, plus attorneys' fees and costs. (Document No. 1, p.5).

Defendant GES filed its "Amended Answer" (Document No. 9) on January 16, 2015. GES then filed the pending "Notice Of Motion And Motion To Change Venue" (Document No. 10),

along with its "Memorandum In Support Of Motion To Change Venue" (Document No. 10-1), on March 3, 2015. GES contends that venue in this district is inconvenient and/or inappropriate, and concludes that this matter should be transferred to the United States District Court for the Northern District of Illinois. (Document No. 10, p.1). Plaintiff's "Response In Opposition To Defendant's Motion To Change Venue" (Document No. 11) was filed on March 20, 2015; and Defendant's "Reply In Support of Motion To Change Venue" (Document No. 12) was filed on March 30, 2015.

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Regarding a change of venue, 28 U.S.C. § 1404 provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). In addition, previous decisions by this Court are instructive.

> Even if venue in a jurisdiction is proper, a court may "for the convenience of parties and witnesses, in the interest of justice," transfer the action to another district where venue is proper. 28 U.S.C. § 1404(a) (2006). This court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer on an "individualized, case-by-case basis" of convenience and fairness to the parties. AC Controls Co. v. Pomeroy Computer Res., Inc., 284 F.Supp.2d 357, 360 (W.D.N.C. 2003) (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2243 (1988)).

McLeod Addictive Disease Center, Inc. v. Wildata Systems Group, Inc., 3:08-CV-27-GCM 2008 WL 2397614, at *1 (W.D.N.C. June 10, 2008). "The Court emphasizes that the applicable law contemplates that a court's decision to transfer or not transfer venue under 28 U.S.C. § 1404(a) is largely discretionary." 3A Composites USA, Inc. v. United Industries, Inc., 5:13cv083-RLV, 2014 WL 1471075, at *1 (W.D.N.C. Apr. 15, 2014).

When considering a motion to transfer, courts should consider, among other things, eleven factors: 1) the plaintiff's choice of forum, 2) the residence of the parties, 3) access to evidence, 4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses, 5) the possibility of a view by the jury, 6) the enforceability of a judgment, 7) the relative advantages and obstacles to a fair trial, 8) practical issues affecting trial expediency and efficiency, 9) the relative court congestion between the districts, 10) the interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action, and 11) the avoidance of conflict of laws. Id. at 96. The factors are accorded different weights based on the court's discretion. Id.

Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) (citing Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F.Supp. 93, 95 (W.D.N.C. 1990)); see also, Cohen v. ZL Technologies, Inc., 3:14cv377-FDW-DSC, 2015 WL 93732, at *1-2 (W.D.N.C. Jan. 7, 2015).

**DISCUSSION**

The factors to be considered in deciding whether to allow a change of venue are well-established, as set forth above. Defendant recognizes that the Court must weigh eleven (11) case-specific factors, and that the moving party bears the burden of proving the factors favor transfer; nevertheless, Defendant offers a cursory and incomplete analysis of how these factors apply to this case. (Document No. 10-1, pp.3-5). The undersigned weighs these factors as follows.

**1. Plaintiffs' initial choice of forum**

The Complaint asserts that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 49 U.S.C. § 14706(d). (Document No. 1, p.2). More specifically, Plaintiffs state:

The Court has jurisdiction over Defendant in that Defendant operates in the State of North Carolina, is authorized to transact business in the State of North Carolina, maintains an agent for service of process in the State of North Carolina, has federal operating authority to transact business in the State of North

> Carolina, engaged in acts or omissions giving rise to this suit in the State of North Carolina, and entered into a contract to be performed in whole or in part in the State of North Carolina.

Id.

Defendant acknowledges that "it does business in North Carolina," but adds that it also "does business in many states including Illinois." (Document No. 10-1, p.1). Defendant does not appear to offer any discussion on Plaintiffs' choice of forum or why that factor should not weigh in favor of Plaintiffs. (Document No. 10-1).

Plaintiffs argue that "[a]s a general rule, the plaintiff's choice of forum should rarely be disturbed." (Document No. 11, p.3) (quoting IHFC Properties, LLC v. APA Mktg., Inc., 850 F.Supp.2d 604, 622). Plaintiff goes on to explain that it chose to bring this lawsuit in this District because this "is where the loss of freight was discovered, the underlying proceedings took place, where the non-party witnesses reside, and where the evidence is located." Id.

The undersigned weighs this factor against transfer.

**2**. **Residence of the parties**

Defendant's memorandum also declines to address this factor. (Document No. 10-1).

Plaintiffs note that the parties are not residents of North Carolina *or* Illinois. (Document No. 11, p.3). Plaintiffs argue they should not be forced to litigate in Illinois, 639 miles *further* from their principal place of business than the Western District of North Carolina. (Document No. 11, p.4).

The undersigned weighs this factor as neutral.

**3**. **Access to evidence**

Defendant again fails to directly address one of the factors this Court must weigh. (Document No. 10-1).

Plaintiffs assert that in the underlying action of <u>Saacke v. Landstar</u>, discovery was conducted in North Carolina, and that Plaintiffs "will rely on and utilize pleadings and evidence produced in the <u>Saacke</u> litigation." (Document No. 11, p.4) (citing <u>Saacke N. Am., LLC v. Landstar Carrier Servs., Inc.</u>, 5:11-CV-107-RLV-DCK, 2012 WL 6590487, at *1 (W.D.N.C. Dec. 18, 2012)). Plaintiffs conclude that because "this evidence is in North Carolina rather than Illinois, this factor weighs heavily in favor of Landstar." <u>Id.</u>

The undersigned weighs this factor against transfer.

### 4. Availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses

Defendant states that "the pleadings and affidavits state that the fact witnesses in this case with regard to the loss are located in Chicago, Illinois," and that "[t]here would be no ability to exercise compulsory attendance in this case for trial." (Document No. 10-1, p.4). However, Defendant does not specifically cite the pleadings or affidavits it relies on for this assertion, or identify the purported witnesses. <u>Id.</u>

In response, Plaintiffs argue that "non-party Saacke witnesses who are expected to testify about the loss and circumstances surrounding the transportation of the freight are located in North Carolina. (Document No. 11, p.4) (citing <u>Saacke N. Am., LLC v. Landstar Carrier Servs., Inc.</u>, 5:11-CV-107-RLV-DCK, 2012 WL 6590487, at *1 (W.D.N.C. Dec. 18, 2012)). Plaintiffs further argue that Saacke's testimony is critical because it owned the freight, it made arrangements for transportation of the freight, it alone can identify the missing freight, and it interacted with Defendant." <u>Id.</u>

In addition, Plaintiffs assert that their primary witness, the Landstar driver that picked up the freight in Illinois, resides in North Carolina. (Document No. 11, p.5) (citing Document No. 11-2).

In reply, Defendant asserts for the first time that "ten witnesses who have knowledge related to the allegations in Plaintiff's Complaint are located in Illinois." (Document No. 12, p.2) (citing Document No. 10-2, pp.3-4). Defendant further asserts that Plaintiffs fail to provide "evidence of any difficulty Landstar would face having Mr. Daniels, one non-party witness testify, in Illinois." (Document No. 12, p.2).

At least two of the ten Illinois witnesses identified by Defendant appear to be GES employees, who presumably would appear at Defendant's request. Id. It is unclear whether the other proposed witnesses are GES employees. Id. The Kaleta Affidavit seems to suggest that these individuals are all GES employees and supervisors that live and work in Chicago. (Document No. 10-2, ¶ 7). Notably, Defendant also does not provide evidence of any difficulty it would face having its witnesses testify in North Carolina.

The undersigned observes that "the convenience of non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer venue." Volvo Road Mach., Inc. v. J.D. Evans, Inc., 1:08-CV-156-LHT, 2008 WL 4610045, at *4 (W.D.N.C. Oct. 16, 2008) (quoting Ramsey v. Fox News Network, LLC, 323 F.Supp.2d. 1352, 1356 (N.D.Ga. 2004); see also, Union First Mkt. Bank v. Bly, 3:13-CV-316-GCM, 2013 WL 4455619, at *3 (W.D.N.C. Aug. 16, 2013) ("[o]ften cited as the most important factor ... is the convenience of witnesses, most particularly, non-party witnesses, who are important to the resolution of the case") (quoting Hames v. Morton Salt, Inc., 3:11-CV-570-MOC-DSC, 2012 WL 1247201 at *3 (W.D.N.C. 2012)).

This factor appears to present a close call, although, as noted above, it is unclear which, if any, of Defendant's proposed witnesses necessitate the availability of compulsory process to testify at trial. Likewise, it is unclear as to whether "Landstar's primary witness," Carl Daniels,

will require compulsory process to appear.  The undersigned is persuaded there are likely one or more Saacke witnesses who cannot be compelled to attend a trial in Illinois.

Based on the information currently before the Court, the undersigned finds that this key factor weights slightly against transfer.

**5**.  **Possibility of a view by the jury**

Defendant's memorandum suggests that if this matter remains with this Court, the 'trier of fact has no ability to view the premises and layout of same in this matter in which it is alleged the freight was lost or stolen and view how far the freight was moved by forklift to the loading dock." (Document No. 4, p.10-1).

Plaintiffs argue that the critical issues in this case are "whether Defendant took possession of the freight and whether the freight was stolen before Defendant tendered it to Landstar for delivery," not how far Defendant moved the freight or how it was stolen.  (Document No. 11, p.5). Plaintiffs further argue that the premises and layout may be ascertained by photographs, and that any actual visit to the scene is "extremely unlikely."  Id.

Defendant does not address this factor in its reply.  (Document No. 12).

The undersigned is persuaded that it is unlikely that a view of the scene where the freight was handled is necessary here.  This factor is weighed as neutral.

**6**.  **Enforceability of a judgment**

The undersigned cannot foresee, and the parties have not identified, any concerns about the enforcement of a judgment by a U.S. District Court in North Carolina or Illinois.  This factor is weighed as neutral.

**7**.  **Relative advantages and obstacles to a fair trial**

The undersigned does not foresee, and the parties do not argue, that there are any clear advantages or obstacles to a fair trial in either district. The parties should obtain a fair trial in either North Carolina or Illinois.

As such, the undersigned finds this factor is neutral.

**8**. **Practical issues affecting trial expediency and efficiency**

"Trials are never easy, expeditious, or inexpensive." <u>Century Furniture, LLC v. C & C Imports, Inc.</u>, 1:07cv179-DLH, 2007 WL 2712955, at * 5 (W.D.N.C. Sept. 14, 2007). Whatever this Court decides, there will be some travel and inconvenience.

Defendant argues that Illinois is where the loss occurred, where the facility is located, and where witnesses to the securing and loading of the freight are located. (Document No. 10-1, p.5). Plaintiff argues that many key witnesses are in North Carolina, and that it would be more economical and expeditious to litigate this case before a Court that is already aware of the underlying facts and issues. (Document No. 11, p.6).

The undersigned is persuaded this factor weighs against transfer.

**9**. **Relative court congestion between the districts**

Neither side addresses this factor. Without evidence to the contrary, the undersigned will weigh this factor as neutral.

**10**. **The interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action**

With little argument or analysis, Defendant's memorandum simply contends that the presiding Court will be required to apply Illinois law. (Document No. 10-1, p.5).

In contrast, Plaintiffs argue that this case is governed by federal law as it arises out of the Carmack Amendment, and that there are no choice of law or conflict of law issues to be

adjudicated. (Document No. 11, p.6). Plaintiffs further argue that this action arises under the interstate transportation of Saacke's property and is not a localized controversy that should be litigated in Illinois. Id.

In reply, Defendant asserts that it was not acting as a motor carrier, and therefore, Illinois law will apply. (Document No. 12, p.3).

Contrary to Defendant's assertion, the undersigned takes notice that the Honorable Richard L. Voorhees, presiding District Judge in this case, upon review of the same facts underlying this case, has already determined that "the evidence establishes, and the Court so finds, as a matter of law, that GES held itself out, and, in fact, operated as a 'carrier' for purposes of Carmack." Saacke v. Landstar, 5:11-CV-107-RLV-DCK, 2013 WL 7121197, at *9 (W.D.N.C. Dec. 19, 2013)

It appears most likely that this case will be decided based on federal law. Even if Illinois law is applicable here, the undersigned is not persuaded that transfer is necessary. The undersigned finds this factor is neutral.

**11**. **Avoidance of conflict of laws**

Neither side addresses this factor. Without evidence to the contrary, the undersigned will weigh this factor as neutral.

*      *      *      *

Based on the foregoing, and in accordance with the teachings of Jim Crockett Promotions, Inc. v. Action Media Group, Inc., the undersigned has conducted a quantitative and qualitative analysis of the foregoing factors, and finds that a change of venue is not appropriate in this case. See Century Furniture, LLC, 1:07cv179-DLH, 2007 WL 2712955, at *6 (W.D.N.C. Sept. 14, 2007). In short, Defendant has not met its burden of showing that the foregoing factors favor

transfer.   Moreover, the undersigned is not persuaded that 49 U.S.C. 14706, "the Carmack Amendment," requires that this matter be transferred to Illinois.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Notice Of Motion And Motion To Change Venue" (Document No. 10) is **DENIED**.

**SO ORDERED**.

Signed: September 28, 2015

David C. Keesler
United States Magistrate Judge