# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:14-CV-193-RLV-DCK

| | |
|---|---|
| LANDSTAR RANGER, INC., and <br> LANDSTAR CARRIER SERVICES, INC. <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL EXPERIENCE SPECIALISTS, <br> INC., d/b/a GES Logistics, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) **ORDER** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's timely filed objections pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a) (hereinafter, the "Objection"). [Doc. No. 14]. Defendant objects to the September 28, 2015 Order of U.S. Magistrate Judge David C. Keesler, which denies Defendant Global Experience Specialists, Inc., f/k/a GES Exposition Services, Inc.'s Motion to Change Venue. [Doc. No. 13]. For the reasons that follow, the Defendant's Objection is hereby **OVERRULED** and Judge Keesler's Order is hereby **AFFIRMED**.

## I. STANDARD OF REVIEW

The district court may, in its discretion, assign to a magistrate judge non-dispositive matters pending before the court. 28 U.S.C. § 636(b)(1)(A). Under Rule 72(a) of the Federal Rules of Civil Procedure the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).

Under this standard, "a finding is 'clearly erroneous' when, although there is evidence to

support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *High Voltage Beverages, L.L.C. v. Coca-Cola Co.*, No. 3:08–CV–367, 2010 WL 2342458, at *1 (W.D.N.C. June 8, 2010) (citing *Walton v. Johnson*, 440 F.3d 160, 173-74 (4th Cir. 2006)). "If a magistrate judge's order is contrary to law then the judge must have failed to apply or misapplied statutes, case law, or procedural rules." *Miceli v. KBRG of Statesville, L.L.C.*, 2008 WL 2945451, at *1 (W.D.N.C. July 24, 2008) (Voorhees, J.) (citing *Catskill Dev. L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

## II. DISCUSSION

Applying the governing standard, the Court affirms the September 28, 2015 Order and overrules Defendant's Objections. A fair reading of Judge Keesler's Order confirms that he conducted a thorough review of the record and applied the correct legal standard. Despite Defendant's arguments to the contrary, the Defendant failed to meet its "heavy burden"[1] of establishing that the proposed transfer of venue is consistent with and, in fact, warranted pursuant to the relevant factors.[2] *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988).

---

[1] Generally, the movant carries a "heavy burden" in establishing that a case should be transferred pursuant to 28 U.S.C. § 1404(a). *See, e.g.*, *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.,* 751 F. Supp. 93, 95 (W.D.N.C. 1991) (Potter, C.J.).

[2] In applying the *Stewart* framework, this Court has enumerated eleven factors it considers when deciding whether to transfer a matter:

1. The Plaintiff's initial choice of forum;
2. The residence of the parties;
3. Access to evidence
4. The availability of compulsory process for attendance of witnesses and the costs of transporting and obtaining those witnesses;
5. The possibility of a view by the jury;
6. The enforceability of a judgement;
7. The relative advantages and obstacles to a fair trial;
8. Other practical issues affecting trial expediency and efficiency;
9. The relative court congestion between the districts;
10. The interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and
11. The avoidance of conflict of laws.

*Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F.Supp.2d 357, 362 (W.D.N.C. 2003) (citing *Jim Crockett Promotions,*

Furthermore, the Court emphasizes that a court's decision to transfer or not transfer venue under 28 U.S.C. § 1404(a) is largely discretionary.[3] *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district court or division where it might have been brought") (emphasis supplied); *Landers v. Dawson Const. Plant Ltd.*, 201 F.3d 436, 1999 WL 991419, *2 (4th Cir. 1999) ("[T]he district court has broad discretion to grant or deny a motion to transfer to another district."); *3A Composites USA, Inc. v. United Indus.*, Inc., No. 5:13-CV-83-RLV, 2014 WL 1471075, at *1 (W.D.N.C. Apr. 15, 2014) (Voorhees, J.).

Chiefly, Defendant objects that Magistrate Judge Keesler erred by failing to address Defendant's alternative argument that, if Defendant is a statutorily-defined carrier, then venue should be transferred to the judicial district where the loss that is the subject of this lawsuit purportedly occurred, pursuant to the Carmack Amendment, 49 U.S.C. § 14706(d)(2). [Doc. No. 14] at pp. 3-4. Even if Defendant's characterization of Magistrate Judge Keesler's Order were correct,[4] Defendant's objection is rejected. The plain language of the Carmack Amendment does

---

*Inc. v. Action Media Group, Inc.*, 751 F.Supp. 93, 95 (W.D.N.C. 1990)); *see also, Cohen v. ZL Technologies, Inc.*, 3:14-CV-377-FDW-DSC, 2015 WL 93732, at *1-2 (W.D.N.C. Jan. 7, 2015).

[3] Some courts have even held that a magistrate judge's decision to grant or deny a motion to transfer venue should be reviewed by the district court under an "abuse of discretion" standard. *See Ginsburg v. Georgetown Univ.*, No. 3:13-CV-952-L, 2001 WL 36522706, at *1 (N.D. Tex. Aug. 26, 2001) (quoting and relying on *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996)). Those courts apply such a deferential standard because "there are numerous instances in which magistrate judges exercise discretion in resolving nondispositive matters." *Lahr*, 164 F.R.D. at 208. For that reason, those courts hold, "[i]t should not be considered a novel proposition that judicial officers (even, as here, magistrate judges of the same court) would approach a similar issue differently. This is the essence of the exercise of discretion. So long as that discretion is not abused, a district judge will not disturb the magistrate judge's decision, even if another magistrate judge – or even the reviewing district judge – might have decided the matter differently." *Resolution Trust Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993). While this Court does not here adopt the abuse of discretion standard as such, the wisdom behind the rule is clear: because magistrate judge's must, by necessity, exercise significant discretion in handling pretrial, nondispositive matters, a reviewing district court should defer, significantly, to the magistrate's choice. Notably, the Fourth Circuit grants this Court the same deference. *See*, *e.g.*, *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 275 (4th Cir. 2005) (A "district court's denial of [a] motion to transfer venue is reviewed for abuse of discretion.").

[4] Defendant contends that Judge Keesler failed to consider, "in any fashion," its 49 U.S.C. § 14706(d) argument. *See*, *e.g.*, [Doc. No. 14] at pp. 3, 4 ("The Magistrate's failure to . . . include an analysis of how 49 U.S.C. § 14706(d)(2) impacts the transfer of venue factors utilized when analyzing transfer pursuant to 28 U.S.C. § 1404 . . . is error."). That contention is meritless. Judge Keesler's Order clearly demonstrates that he *did* consider Defendant's argument –

not support Defendant's argument that venue is proper only in the Northern District of Illinois.[5]

"Statutory construction must begin with the language of the statute. To do otherwise would assume Congress does not express its intent in the words of statutes . . . , an idea that hopefully all will find unpalatable." *Kofa v. U.S. I.N.S.*, 60 F.3d 1084, 1088 (4th Cir. 1995) (internal citations omitted). When the statutory language is clear and unambiguous, "judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Ramey v. Dir., Office of Workers' Comp. Program*, 326 F.3d 474, 476 (4th Cir. 2003).

The Carmack Amendment explicitly states that "[a] civil action under this section *may* be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred." 49 U.S.C. § 14706(d)(2) (emphasis added). The Court reads this statute as permissive in nature given that, as Defendant concedes, the statute uses the singular and discretionary term "may," rather than "shall" or "must," or even "may" modified by the limiting term "only." *Id.* This indicates that a district court maintains its discretion to grant or deny a defendant's motion to change venue under 28 U.S.C. § 1404, irrespective of whether Defendant is or is not in fact a relevant "carrier." *See* [Doc. No. 14] at pp.

---

and rejected it. Judge Keesler's Order provides as follows: "Moreover, the undersigned is not persuaded that 49 U.S.C. 14706, 'the Carmack Amendment,' requires that this matter be transferred to Illinois." [Doc. No. 13] at p. 11. That Judge Keesler rejected Defendant's argument so succinctly is not demonstrative of any fault in his consideration, as Defendant fervently argues; rather, it merely shows that Defendant's venue argument is not one requiring a greater analysis.

[5] The Carmack Amendment provides, in relevant part:

   Civil Actions:

   (1) Against delivering carrier. – A civil action under this section *may* be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

   (2) Against carrier responsible for loss. – A civil action under this section *may* be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 14706(d)(1)-(2) (emphasis added).

3-4 (refusing to concede whether it is to be considered a relevant "carrier" for purposes of the Carmack Amendment). Significantly, Defendant has not pointed this Court to any authority which declares that § 14706's venue provision is mandatory.

To be sure, the Court's reading of the statute is bolstered by another portion of the Carmack Amendment, which pertains to interstate rail carriers. There, the statute provides:

A civil action under this section ***may only*** be brought –

> (i) Against the originating rail carrier, in the judicial district in which the point of origin is located;
>
> (ii) Against the delivering rail carrier, in the judicial district in which the principal place of business of the person bringing the action is located if the delivering carrier operates a railroad or a route through such judicial district, or in the judicial district in which the point of destination is located; and
>
> (iii) Against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 11706(d)(2)(A) (emphasis added). The contrast between § 11706's limiting language and § 14706's permissive language is apparent to more than just the keenest and most observant of readers. Clearly, as Plaintiff argues, § 11706 demonstrates that Congress did not intend to limit proper venue under § 14706(d)(2) narrowly and only to the judicial district where the loss at issue occurred. Had it desired that outcome, it would have drafted and passed § 14706 with language similar to that found in § 11706. This Court must take Congress at its word. *See Kofa*, 60 F.3d at 1088; *see also Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461-62 (2002).

Thus, for the foregoing reasons, Judge Keesler's Order does not commit a clear error and is not contrary to law on this issue. The Defendant's objection as to this issue is, therefore, **OVERRULED**.

Next, Defendant objects that Judge Keesler erred in his analysis of the factors related to

transfer of venue pursuant to 28 U.S.C. § 1404 and arrives at clearly erroneous conclusions that are contrary to the law. [Doc. No. 14] at p. 4. Defendant's objections are, as Plaintiff points out, largely an attempt to remedy its initially deficient motion, which Judge Keesler rightly noted failed to address many of the factors the Court must apply when analyzing a motion to transfer venue. [Doc. No. 13] at pp. 4-5; [Doc. No. 15] at p. 1. In the Court's view, Judge Keesler thoroughly examined the parties' arguments and the factors relevant to a motion to transfer venue.  Thus, Judge Keesler correctly ruled that Defendant did not meet its heavy burden by filing a one-page discussion of the factors relevant to the issue of venue transfer. [Doc. No. 10-1] at pp. 4-5. Accordingly, the Defendant's objection as to this issue is similarly **OVERRULED**.

In conclusion, there is no apparent clear error. Likewise, the Court is not persuaded that Judge Keesler's analysis is contrary to law. Consequently, the September 2015 Order denying Defendant's Motion to Change Venue is hereby **AFFIRMED** and Defendant's Objection is **OVERRULED**.

**SO ORDERED**.

Signed: July 6, 2016

Richard L. Voorhees
United States District Judge